# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
Jacksonville Division
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | CASE NO. 3:18-bk-03184-PMG |
| | (Transferred from CASE NO. 9:18-bk-06560) |
| ASBEL P. VICIEDO, | |
| | Chapter 7 |
| Debtor. | |
| CREAL DALLAS, LLC | |
| Plaintiff, | |
| v. | |
| ASBEL VICIEDO, | |
| Defendant. | |

## COMPLAINT OBJECTING TO
## DISCHARGEABILITY OF A DEBT

Creal Dallas, LLC sues Asbel Viciedo for an exception to the discharge of Plaintiff's claim against him pursuant to 11 U.S.C. §523(a)(2) & (6) and states the following in support:

### Parties, Jurisdiction and Venue

1. Plaintiff is a Delaware limited liability company.

2. Non-party AFS Acceptance, LLC is a Florida limited liability company. AFS is an affiliate of Plaintiff.

3. Defendant is a Florida resident.

4. Non-party Hammerhead Motors, LLC is a Florida limited liability company. Hammerhead is a defunct used car business. Defendant was the managing member of Hammerhead at all material times with respect to the allegations set forth in this complaint and controlled and operated its operations.

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(I), 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I).

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

### Count 1 – 11 U.S.C. § 523(a)(2) & (6)

7.      Plaintiff re-alleges the allegations set forth in paragraphs 1 through 6.

8.      Pre-petition, Plaintiff entered into a floor financing facility with Hammerhead. In furtherance of that agreement, the parties entered into the following agreements on or around April 1, 2016:

   a. A loan agreement for a loan from Plaintiff to Hammerhead in the original principal amount of $1,500,000.00 ("Loan Agreement").

   b. A Dealer Share Program Agreement between AFS and Hammerhead ("Dealer Agreement").

   c. A secured promissory note executed by Hammerhead in favor of Plaintiff in the original principal amount of $1,500,000.00 ("Note"; and together with the Dealer Agreement and Loan Agreement, the "Loan Documents").

   d. A personal guaranty by Defendant in favor of Creal that guaranteed all debts arising from the Loan Agreement and Note.

True and correct copies of the Loan Documents are attached as <u>Composite Exhibit 1</u>.

9.      Defendant executed the Loan Documents on behalf of Hammerhead and made all material decisions as to whether Hammerhead would comply with its terms.

10.     Pursuant to representations made by Defendant in March 2016 to Creal, which were then memorialized in the Loan Documents, the process for monies to be lent and repaid under the Loan Documents was as follows:

    a. Hammerhead would request monies under the lending facility to acquire particular vehicles;

    b. Once funds were lent and a vehicle was acquired by Hammerhead, title to the vehicle was to be held by AFS;

    c. Upon sale of the vehicle to a third-party, Hammerhead was to repay Plaintiff the amount lent to acquire such vehicle and additional amounts pursuant to the Loan Documents;

    d. To further facilitate repayment of a sold vehicle, AFS had the right, but not obligation, to provide financing to the purchaser of the vehicle; and

    e. Upon sale of a vehicle, title would be released to Hammerhead.

11. In connection with the execution of the Loan Documents, Plaintiff held a properly perfected security interest in Hammerhead's personalty, including the following vehicle (collectively, the "Property"):  2007 Chevrolet Silverado, VIN 1GCHK336X7F512113.

12. Defendant had no intention of having Hammerhead adhere to the above structure from inception of the loan facility and fraudulently induced Plaintiff to enter into the Loan Documents to obtain Plaintiff's funds under false pretenses.

13. In particular, during the period of April 2016 through May 2016 ("Time Period"), Defendant caused Hammerhead:

    a. To withhold titles for vehicles financed by Creal,

    b. To finance the sale of vehicles which were purchased by Hammerhead with Creal's loans through third-parties other than AFS and did not give AFS its right of first refusal to finance all such sales

      c. In at least five instances, obtained loans from Creal for vehicles that floor financing was also received from another third-party lender.

14. It is likely that Defendant caused Hammerhead to engage in other fraudulent conduct relating to the loan facility that Creal is unaware of.

15. Realizing Defendant's fraudulent conduct, in June 2016, Creal exercised its self-help remedies and seized eleven of the twenty four vehicles it seized and sold them at auction.

16. Thereafter, Plaintiff filed suit against Hammerhead and Defendant in Broward County.

17. Upon threat by the state court to take Defendant into custody for failing to comply with its orders, the parties entered into a settlement agreement which required Hammerhead and Defendant to make certain payments to resolve the litigation. Once such payments were all made, Plaintiff would then release any claims it had against Hammerhead and Defendant.

18. After partial payment, Defendant also breached the settlement agreement resulting in entry of a judgment against him in the amount of $387,934.01.

19. Pursuant to Bankruptcy Code Section 523(a)(2)(A), any claim for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained false pretenses, a false representation, or actual fraud, is excepted from discharge.

20. Defendant knowingly and fraudulently obtained monies from Plaintiff under false pretenses.

21. Pursuant to Bankruptcy Code Section 523(a)(6), willful and malicious injury by the debtor to another entity or to the property of another entity is excepted from discharge.

22.	Plaintiff was at all material times, a creditor of Hammerhead and held a security interest in the vehicles it provided Hammerhead with funding to acquire and sell.  This security interest included a security interest in the Property.

23.	Plaintiff had a cognizable property interest in the cash equivalent of the Property.

24.	Defendant willfully and maliciously injured Plaintiff or Plaintiff's property by causing Hammerhead to sell or otherwise transfer the Property.

25.	Namely, Creal and AFS never received the titles to the Property, Creal and AFS never received any proceeds from the disposition of such Property and based upon public records, the lienholder for the Property is not Creal or AFS.

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendant excepting Plaintiff's debt from Defendant's bankruptcy discharge; an award of attorney's fees and costs to the extent allowed by applicable law or contract; and granting such further relief the Court deems just and proper.

Dated:  January 11, 2018.

*s/ Jonathan S. Feldman*
Jonathan S. Feldman, Esquire
Florida Bar No. 12682
*jfeldman@pbyalaw.com*
Perlman, Bajandas, Yevoli, Albright, P.L.
283 Catalonia Avenue, Suite 200
Miami, Florida  33134
Telephone: (305) 377-0086
Telecopy: (305) 377-0081

*Attorneys for Plaintiff*